IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.   ) | Criminal Action No. |
| ) | 1:15-CR-043-LMM |
| JEREMY L. CLARK,   ) | |
|       Defendant.   ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW THE DEFENDANT, JEREMY L. CLARK, by his undersigned counsel, to present this memorandum in support of a reasonable sentence, a sentence of probation with a portion of house arrest.

The fundamental rule governing consideration for the district court in sentencing is the directive of Congress that the district court "shall impose a sentence sufficient, but not greater than necessary, to comply with [the purposes of sentencing]" (emphasis added). 18 U.S.C. § 3553(a); Pepper v. U.S 131 S.Ct. 1229, 1242 (2011)("sentencing judge's overarching duty under § 3553(a) [is to] to impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in [18 U.S.C.] § 3553(a)(2)").  And Pepper also reminds of us of the need for individualized sentencing, reiterating "the principle that 'the punishment should fit the offender and not merely the crime.'" Pepper, supra, 131 S.Ct. 1229, 1240. (internal citations omitted).

1

18 U.S.C. §3553(a)(2) provides that (a)Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider— (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.].

1. **Jeremy "Jerry" Clark.**

Mr. Clark, prior to this lapse in judgment, lived a generous life. He has been a mentor to young people, been a force for youth baseball, and a community servant. He served as on the Dekalb Police Athletic League for 5 years. A number of people have written letters in support of Mr. Clark. These letters show a consistent theme of generosity and a commitment to young people in need. At least one of the letters mentions his insistence that young men learn to treat women with respect. Others speak of his business acumen. He remains a respected member in the eyes of many in the Dekalb community.

2. **The offense conduct.**

Mr. Clark took a bribe of $3500 in exchange for his vote. While the court is not bound by and there are certain differences in the cases, Elaine Boyer, a former Dekalb commissioner who stole more than $80,000, was sentenced to 14 months in custody.  See 1:14-CR-317-ODE. Her son, John Boyer, was convicted of conspiracy to commit wire fraud and is jointly and severally liable with his mother for $87,000 in restitution, was sentenced to 12 months and one day. See 1:15-CR-54-ODE.

Corruption must and should be rooted out; however, there is a difference between a $3500 bribe and conspiracy to commit wire fraud of more than $80,000.

3. **Even Category I Overstates His Criminal Conduct.**

Even though Mr. Clark has no prior convictions and is in Criminal History Category I, the advisory guideline range overstates his criminal conduct. The United States Sentencing Commission has noted that the recidivism rate for a "true" first offender, someone like Mr. Clark, is as low as 11%.  See http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_First_Offender.pdf(page13).  Thus, in this request for a variance, a sentence, even in Category I, should be adjusted downward to find a range consistent with 18 U.S.C. 3553 (a). That range should be

3

in Zone A or B, and consist of probation, community service and at worse, some portion of house arrest.

### 4. Will Mr. Clark's incarceration meet the goals under §3553?

The simple answer in this case is no. He is 43 years old without a criminal history. He is a responsible parent and son and he is a respected community member. There is no evidence that the hard lesson learned a hard lesson in the instant case is sufficient to deter any criminal conduct in the future. He moved to resolve his case expeditiously and has accepted responsibility. He has no illegal drug history and has reported faithfully under the supervision of pretrial services.

He is also a responsible parent and son, dutifully caring for his children and minding his parents, especially his father who has serious health concerns. He realizes that he has embarrassed them and besmirched his reputation, but is ready to move forward and rebuild society's trust in him.

Moreover, his works in the community outweigh the need to imprison Mr. Clark. He has done a lot of good work in the community, as outlined in both the character letters and the work of his foundation, the Jerry Clark Foundation, www.jerryclarkfoundation.org. The foundation has done much good work in the community, a testament to Clark's generosity and dedication to young people. These acts clearly show that Clark's behavior in taking this bribe was an aberrant act. Mr. Clark also spoke to Judge DelCampo (state court, Dekalb County)'s

diversion program for DUI drivers. When looking at his total picture, probation is a more appropriate sentence.

Finally, the discussion of mass incarceration at large in our country must be discussed here. According to the ACLU, the United States has 5% of the world's population but incarcerates 25% of the incarcerated people of the world. https://www.aclu.org/issues/mass-incarceration. While much of that is due to the drug laws, it is also a question of can we/should we punish individuals according to the offender's abilities and skills and balance that with the harm caused by their conduct? As said earlier, punishment should fit the offender as well as the crime. See Pepper, supra. Mr. Clark can repay this community while on probation. Putting him in jail is not necessary and a waste of taxpayer funds.

It is also important to note that probation is not without sanction. He must report, curtail his travel without permission, perform community service. Any failure lends itself to the possibility of prison. Taking a chance on Clark is the right one in this case. When combined with the felony conviction, the inability to vote, hold public office and the public embarrassment he has brought to himself and his family, probation is the right option.

Wherefore, the defendant requests that the Court sentence him accordingly.

This 14th day of January, 2016.

Respectfully submitted,

*/s R. Gary Spencer*
Ga. Bar. 671905
Attorney for Jeremy Clark

R. Gary Spencer, P.C.
325 Edgewood Ave. SE
Atlanta, GA 30312
404-549-8782
1-888-572-1831 (fax)
gary@rgaryspencer.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the U.S. District Court's filing system which in turn will notify the parties and counsel of the filing, this 14th day of January, 2016.

*/s R. Gary Spencer*
